United States District Court
Southern District of Texas
**ENTERED**
September 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE L CANTU, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-456 |
| | § | |
| STATE FARM LLOYDS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

The Court now considers Jose L. Cantu and Diana Cantu's (jointly "Plaintiffs") motion for leave to amend their original complaint.[1] Defendants State Farm Lloyds, Wesley Swett, and Kristi Cramer (jointly "Defendants") have filed a response in opposition. After considering the motion, response, record and applicable law, the Court DENIES the motion.

I    Brief Background

In March 2012, Plaintiffs' property suffered damage as a result of a hailstorm. Plaintiffs made a claim for damage to their property with their insurance carrier, State Farm Lloyds. Wesley Swett and Kristi Cramer, on behalf of State Farm Lloyds, were involved in the handling of the claim. In time, State Farm Lloyds paid the actual cash value sum of $6,712.03 to Plaintiffs.

Dissatisfied with the tendered amount, Plaintiffs filed suit in state court on April 16, 2014. Defendants thereafter removed the case to this Court. On or about February 5, 2015, Plaintiffs invoked the appraisal process which subsequently resulted in an appraisal award setting the amount of loss at $18,423.11 on a replacement cost basis, and at $14,932.48 on an actual

---

[1] Dkt. No. 28.

cash basis. Thereafter, State Farm Lloyds timely paid the appraisal award but after deducting depreciation, prior payments and deductible the amount due was $5,896.35.

On October 16, 2015, Defendants moved for summary judgment, arguing generally that payment of the appraisal award estopped Plaintiffs from pursuing their breach of contract claim and that Plaintiffs, having suffered no independent injury, could not maintain their extra-contractual claims. Plaintiffs then filed the instant motion, seeking "to add additional specific allegations against State Farm" and to "clarify that they are pursuing a claim under Texas Insurance Code § 541.061."[2]

II      Analysis

Amendment of pleading is governed by 15(a) of the Federal Rules of Civil Procedure. However, in determining whether to grant a party leave to amend a complaint, the Court examines the following: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment."[3] Absent any of these factors, the leave sought should be 'freely given.'"[4]• Nonetheless, "[a]lthough the district court should err on the side of allowing amendment, leave to amend should not be given automatically."[5] With these considerations in mind, the Court considers the instant motion.

*Undue delay*

Here, Plaintiffs claim they "expeditiously" moved for leave to amend.[6] Plaintiffs' motion was filed on November 5, 2015. This is a year and a half after their original state court petition

---

[2] *Id.* at ¶¶ 4 & 7.
[3] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)(Internal citations omitted).
[4] *Id.*
[5] *Chitimacha Tribe of Louisiana v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982)(Internal citations omitted).
[6] Dkt. No. 38 at 4.

was filed, a year and five months after removal to this Court, nine months after invoking appraisal, and only twenty days after Defendants' motion for summary judgment was filed. Plaintiffs may have acted expeditiously, but only in response to the motion for summary judgment. Unfortunately for Plaintiffs, undue delay is not measured from the latest filing in the case, but from the first. While neither the Supreme Court, nor the Fifth Circuit have set a definitive time frame beyond which amendment is not permitted and Rule 15 permits amendment even during and after trial, the Fifth Circuit has held that

> It is clear that lack of diligence is reason for refusing to permit amendment. . . . Where there has been such lack of diligence, the burden is on the party seeking to amend to show that the delay "was due to oversight, inadvertence, or excusable neglect."• . . . Leave will be denied unless he shows some "valid reason for his neglect and delay."[7]

Plaintiffs have offered absolutely no explanation for the delay here and the only evident explanation is that the motion for leave was only filed in response to Defendants' motion for summary judgment. This factor weighs against permitting amendment.

### *Bad faith or dilatory motive*

The Court's discussion of the first factor informs consideration of the second. Here, the purposed amendment regarding the representations allegedly made to Plaintiffs at the time they purchased the policy at issue were obviously know to Plaintiffs from inception of this suit. Thus, it is obvious that the amendment is sought to avoid summary judgment as Plaintiffs certainly could have asserted this claim in their original petition, or sought leave much earlier. As the Fifth Circuit has noted, a plaintiff's "awareness of facts and failure to include them in the complaint might give rise to the inference that the plaintiff was engaging in tactical maneuvers to force the court to consider various theories seriatim. In such a case, where the movant first

---

[7] *Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 122 (5th Cir. 1980)(*Citing Freeman v. Continental Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967)).

presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate." [8] Based on this record, the Court finds that Plaintiffs' motion for leave is sought in bad faith or with a dilatory motive.[9] Like the first factor, this factor weighs against granting leave.

### *Repeated failure to cure deficiencies*

This factor weighs in favor of granting leave as Plaintiffs have not previously sought to cure any deficiencies, nor have Plaintiffs been put on notice of any deficiencies.

### *Undue prejudice*

Plaintiffs perfunctorily assert that Defendants will not be prejudiced by the filing of an amended complaint but there is little doubt that this factor clearly weighs against granting leave to amend. As has been discussed, the case has been on file since June 2014. It was Plaintiffs who invoked the appraisal process and upon completion, State Farm Lloyds promptly paid the appraisal award. Now, apparently not satisfied, Plaintiffs seek to add additional claims. The case is now ripe for consideration of Defendants' motion for summary judgment. Should the Court grant leave, rather than potentially disposing of this case, the parties would be compelled to begin the litigation process anew. Clearly Defendants would be prejudiced not simply by the passage of time, but by added time and resources necessary to address a new claim that is separate and distinct form those previously alleged, yet intertwined.

### *Futility of amendment*

Finally, and perhaps most importantly, the Court finds that the futility of the amendment warrants against granting leave. Plaintiff themselves establish this through their motion and the

---

[8] *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 599 (5th Cir. 1981)
[9] *See Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)(Finding that "[t]he motion [was] obviously interposed by plaintiffs in an attempt to avoid summary judgment. The record reflects that plaintiffs [] had ample opportunity to investigate their claims and to seek leave to amend their complaint.")

purposed complaint. While Plaintiffs assert that the complaint seeks to add specific allegations and to clarify their claims, Plaintiffs appear to add a new cause of action for fraud or misrepresentation. Both, however, are subject to Rule 9(b) of the Federal Rules of Civil Procedure.[10] While the particularities may vary from case to case, Rule 9(b) requires at a minimum the "who, what, when, and where."[11] Plaintiffs provide only general allegations that would not survive a motion to dismiss. Thus, amendment would be futile.

III    Conclusion

Based upon the foregoing, the Court **DENIES** Plaintiffs' motion for leave to amend. The pending motions will be considered in due course.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 15th day of September, 2016.

_____
Micaela Alvarez
United States District Judge

---

[10] *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)(We see no principled reason why the state claims of fraud should escape the pleading requirements of the federal rules, and the parties have not urged a separate focus upon state law claims of negligent misrepresentation.)
[11] *Id.* at 178.